IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | In Chapter 11 |
| | ) | Case No. 07 B 19544 |
| MOHAMED KASEER GHUMRA, | ) | Judge Susan Pierson Sonderby |
| | ) | |
| Debtor. | ) | |
| | ) | |

### FINAL ORDER AUTHORIZING ADEQUATE PROTECTION
### FOR JUNIOR MORTGAGE OF U.S. OIL. CO., INC.

THIS MATTER COMING TO BE HEARD on the Motions of MOHAMED KASEER GHUMRA, Debtor ("Debtor"), for the authority to provide adequate protection to U.S. Oil. Co., Inc. and the Court being fully advised in the premises;

THE PARTIES REPRESENT TO THE COURT that:

1. Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") on October 22, 2007 ("Petition Date").

2. The Debtor is an individual residing at 64 Watergate Drive, South Barrington, Illinois ("Debtor's Residence").

3. Debtor owns 50% of the beneficial interest in LaSalle Bank Land Trust #134775 dated 9/15/04 ("LaSalle Trust"). The *res* of LaSalle Trust is Debtor's Residence. Debtor believes that the fair market value of the Debtor's Residence is approximately $2,000,000.00.

4. On or about June 20, 2005 Debtor executed a guaranty of an obligation owed by Hampshire Trading, LLC and Edgerton Trading LLC to U.S. Oil Co., Inc. Debtor executed the guaranty because he was one of the principal owners of Hampshire Trading, LLC which has been dissolved. Debtor holds the entire interest in Kaza Real Estate LLC which owns the entire interest in Edgerton Trading LLC.

5.  Naveed Ahmed ("Ahmed") is also obligated to pay the sums due to U.S. Oil Co., Inc.

6.  In order to secure his obligation under the guaranty in the principal amount of $1,400,000.00, Debtor directed the trustee of the LaSalle Trust to execute a Junior Mortgage, all as is more fully set forth on Exhibit _A_. The Junior Mortgage granted U.S. Oil. Co., Inc. a security interest in Debtor's Residence.

7.  The Junior Mortgage is subject to a first mortgage held by Fifth Third Bank. Debtor believes that on the Petition Date, the amount due to Fifth Third Bank was approximately $119,575.000.

8.  Debtor believes that U.S. Oil, Co., Inc. claims that on the Petition Date it was owed approximately $3,152,523.00. Debtor disputes the balance claimed due.

9.  U.S. Oil. Co., Inc. has threatened Debtor that it will move to modify the automatic stay pursuant to §362 of the Bankruptcy Code because it believes that its interest in Debtor's Residence is not being adequately protected.

10. Debtor proposes to pay on the principle amount due to U.S. Oil Co., Inc. in the sum of $5,000.00 on the first day of each month beginning upon entry of this order in order to adequately protect the secured interest of U.S. Oil, Co., Inc. In addition, Ahmed has agreed to pay on the principle amount due to U. S. Oil Co., Inc an additional $5,000.00 per month.

IT IS THEREFORE ORDERED that:

A.  Prior to confirmation of a Plan of Reorganization in these proceedings, Debtor shall make monthly adequate protection payments to U.S. Oil. Co., Inc. in the amount of $5,000.00 beginning on December 1, 2007, and on the 1st day of the next two months thereafter in order

—2—

to adequately protect the security interest of U.S. Oil. Co., Inc., said sum to be applied to the principle balance due.

B. ~~After confirmation of a Plan of Reorganization in these proceedings, the Debtor shall pay to U.S. Oil. Co., Inc. the monthly installment payments of the balance of said indebtedness in accordance with the terms set forth in the confirmed Plan of Reorganization.~~ Any additional adequate protection payments shall only be granted upon a new notice and motion.

C. In the event the Debtor fails to fully comply with the terms of this Order, an order of confirmation of a Chapter 11 Plan is vacated, reversed, or set aside on review, appeal or otherwise or if Ahmed shall fail to make the agreed upon monthly payment to U.S. Oil, then U.S. Oil. Co., Inc., on notice, may move to have the stay provided by § 362 of the Bankruptcy Code modified to permit U.S. Oil Co., Inc. to proceed to enforce any and all of its rights as a secured creditor.

D. ~~This order shall remain in effect until midnight on February __, 2008.~~

E. ~~This matter is set for status on February __, 2008 at __ a.m.~~

DATED: **JAN 1 5 2008**

ENTER:
_____
U.S. Bankruptcy Judge

**Agreed to by:**

MOHAMED KASEER GHUMRA

By: _____
Robert R. Benjamin
QUERREY & HARROW, LTD.
Attorneys for Debtor
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois 60604
312-540-7000

U.S. OIL CO., INC.

By: _____
David E. Cohen
DAVID E. COHEN, P.C.
Attorney for U.S. Oil. Co., Inc.
55 West Monroe Street, Suite 600
Chicago, Illinois 60603
312-606-3451

Document #: 1283658

# EXHIBIT A

State Bar of Wisconsin Form 21-2003
## JUNIOR MORTGAGE

| Document Number | Document Name |
|---|---|

NATIONAL ASSOCIATION
LaSalle Bank as Trustee Under Trust No. 134775 Dated September 13, 2005
and not personally

("Mortgagor," whether one or more) mortgages to U.S. Oil Co., Inc., a Wisconsin Corporation

its successors or assigns ("Mortgagee," whether one or more), to secure payment of $ 1,400,000.00                   evidenced by *******, or other obligation ("Obligation") dated June 20, 2005
executed by Edgerton Trading, LLC and Hampshire Trading, LLC

to Mortgagee, and any extensions, renewals and modifications of the Obligation and refinancings of any such indebtedness on any terms whatsoever (including increases in interest) and the payment of all other sums, with interest, advanced to protect the Property and the security of this Mortgage, and all other amounts paid by Mortgagee hereunder, the following property, together with all rights and interests appurtenant thereto in law or equity, all rents, issue and profits arising therefrom, including insurance proceeds and condemnation awards, all structures, improvements and fixtures located thereon, in Cook County, State of Illinois ("Property"):

Doc#: 0531111150 Fee: $62.00
Eugene "Gene" Moore RHSP Fee:$10.00
Cook County Recorder of Deeds
Date: 11/07/2005 12:56 PM Pg: 1 of 6

Recording Area
Name and Return Address
U.S. Oil Co., Inc.
Attention: Legal Department (CNK)
P.O. Box 25
Combined Locks, WI 54113

01-27-203-007-0000 vol. 0001
Parcel Identification Number (PIN)

This   is    homestead property.

This   is not   a purchase money mortgage.

Lot 40 in the Coves of South Barrington Unit Number 2, being a subdivision in Sections 26 and 27, Township 42 North, Range 9, East of the Third Principal Meridian, according to the Plat thereof registered in the office of the Registrar of Titles on October 15, 1969, as Document 2476163, in Cook County, Illinois.

*******the U.S. Oil Retailer Supply Agreement for the Edgerton Oasis located at 568 Haugen Road, U.S. Hwy. 51, Edgerton, Wisconsin, and the U.S. Oil Retailer Supply Agreement for the Hampshire Oasis located at 19 N. 479, U.S. Hwy. 20, Hampshire, Illinois

1st AMERICAN TITLE order #

1.  MORTGAGOR'S COVENANTS.

    a.   COVENANT OF TITLE. Mortgagor warrants title to the Property, except restrictions and easements of record, if any, and further excepting:

A first mortgage lien in favor of Fifth Third Bank in an amount not to exceed $1,300,000.00.

    b.   FIXTURES. Any property which has been affixed to the Property and is used in connection with it is intended to become a fixture. Mortgagor waives any right to remove such fixture from the Property which is subject to this Mortgage.

    c.   TAXES. Mortgagor promises to pay when due all taxes and assessments levied on the Property or upon Mortgagee's interest in it and to deliver to Mortgagee on demand receipts showing such payment.

    d.   INSURANCE. Mortgagor shall keep the improvements on the Property insured against a loss or damage occasioned by fire, extended coverage perils and such other hazards as Mortgagee may require, without co-insurance, through insurers approved by Mortgagee, in the amount of the full replacement value of the improvements on the Property. Mortgagor shall pay the insurance premiums when due. The policies shall contain the standard mortgage clause in favor of Mortgagee, and evidence of all policies covering the Property shall be provided to Mortgagee. Mortgagor shall promptly give notice of loss to insurance companies and Mortgagee. Unless Mortgagor and Mortgagee

State Bar Form 21-Page 1

EXHIBIT
A

otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, provided the Mortgagee deems the restoration or repair to be economically feasible.

c. OTHER COVENANTS. Mortgagor covenants not to commit waste nor suffer waste to be committed on the Property, to keep the Property in good condition and repair, to keep the Property free from future liens superior to the lien of this Mortgage and to comply with all laws, ordinances and regulations affecting the Property. Mortgagor shall pay when due all indebtedness which may be or become secured at any time by a mortgage or other lien on the Property superior to this Mortgage and any failure to do so shall constitute a default under this Mortgage.

2. DEFAULT AND REMEDIES. Mortgagor agrees that time is of the essence with respect to payment of principal and interest when due, and in the performance of the terms, conditions and covenants contained herein or in the Obligation secured hereby. In the event of default, Mortgagee may, at its option, declare the whole amount of the unpaid principal and accrued interest due and payable, and collect it in a suit at law or by foreclosure of this Mortgage or by the exercise of any other remedy available at law or equity. If this Mortgage is subordinate to a superior mortgage lien, a default under the superior mortgage lien constitutes a default under this Mortgage.

3. NOTICE. Unless otherwise provided in the Obligation secured by this Mortgage, prior to any acceleration (other than under paragraph 9, below) Mortgagee shall mail notice to Mortgagor specifying: (a) the default; (b) the action required to cure the default; (c) a date, not less than 15 days from the date the notice is mailed to Mortgagor by which date the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration.

4. EXPENSES AND ATTORNEY FEES. In case of default, whether abated or not, all costs and expenses, including, but not limited to, reasonable attorney fees, to the extent not prohibited by law shall be added to the principal, become due as incurred, and in the event of foreclosure be included in the judgment.

5. FORECLOSURE WITHOUT DEFICIENCY. Mortgagor agrees to the provisions of Sections 846.101 and 846.103, Wis. Stats., as may apply to the Property and as may be amended, permitting Mortgagee in the event of foreclosure to waive the right to judgment for deficiency and hold the foreclosure sale within the time provided in such applicable Section.

6. RECEIVER. Upon default or during the pendency of any action to foreclose this Mortgage, Mortgagor consents to the appointment of a receiver of the Property, including homestead interest, to collect the rents, issues and profits of the Property during the pendency of such an action, and such rents, issues and profits when so collected shall be held and applied as the court shall direct.

7. WAIVER. Mortgagee may waive any default without waiving any other subsequent or prior default by Mortgagor.

8. MORTGAGEE MAY CURE DEFAULTS. In the event of any default by Mortgagor of any kind under this Mortgage or any Obligation secured by this Mortgage, Mortgagee may cure the default and all sums paid by Mortgagee for such purpose shall immediately be repaid by Mortgagor with interest at the rate then in effect under the Obligation secured by this Mortgagee and shall constitute a lien upon the Property.

9. CONSENT REQUIRED FOR TRANSFER. Mortgagor shall not transfer, sell or convey any legal or equitable interest in the Property (by deed, land contract, option, long-term lease or in any other way) without the prior written consent of Mortgagee, unless either the indebtedness secured by this Mortgage is first paid in full or the interest conveyed is a mortgage or other security interest in the Property, subordinate to the lien of this Mortgage. The entire indebtedness under the Obligation secured by this Mortgage shall become due and payable in full at the option of Mortgagee without notice, which notice is hereby waived, upon any transfer, sale or conveyance made in violation of this paragraph. A violation of the provisions of this paragraph will be considered a default under the terms of this Mortgage and the Obligation it secures.

State Bar Form 21-Page 2

10. **ASSIGNMENT OF RENTS.** Mortgagor hereby transfers and assigns absolutely to Mortgagee, as additional security, all rents, issues and profits which become or remain due (under any form of agreement for use or occupancy of the Property or any portion thereof), or which were previously collected and remain subject to Mortgagor's control following any default under this Mortgage or the Obligation secured hereby and delivery of notice of exercise of this assignment by Mortgagee to the tenant or other user(s) of the Property in accordance with the provisions of Section 708.11, Wis. Stats., as may be amended. This assignment shall be enforceable with or without appointment of a receiver and regardless of Mortgagee's lack of possession of the Property.

11. **ENVIRONMENTAL PROVISION.** Mortgagor represents, warrants and covenants to Mortgagee that (a) during the period of Mortgagor's ownership or use of the Property no substance has been, is or will be present, used, stored, deposited, treated, recycled or disposed of on, under, in or about the Property in a form, quantity or manner which if known to be present on, under, in or about the Property would require clean-up, removal or other remedial action ("Hazardous Substance") under any federal, state or local laws, regulations, ordinances, codes or rules ("Environmental Laws"); (b) Mortgagor has no knowledge, after due inquiry, of any prior use or existence of any Hazardous Substance on the Property by any prior owner of or person using the Property; (c) without limiting the generality of the foregoing, Mortgagor has no knowledge, after due inquiry, that the Property contains asbestos, polychlorinated biphenyl components ("PCBs") or underground storage tanks; (d) there are no conditions existing currently or likely to exist during the term of this Mortgage which would subject Mortgagor to any damages, penalties, injunctive relief or clean-up costs in any governmental or regulatory action or third-party claims relating to any Hazardous Substance; (e) Mortgagor is not subject to any court or administrative proceeding, judgment, decree, order or citation relating to any Hazardous Substance; and (f) Mortgagor in the past has been, at the present is and in the future will remain in compliance with all Environmental Laws. Mortgagor shall indemnify and hold harmless Mortgagee from all loss, cost (including reasonable attorney fees and legal expenses), liability and damage whatsoever directly or indirectly resulting from, arising out of or based upon (i) the presence, use, storage, deposit, treatment, recycling or disposal, at any time, of any Hazardous Substance on, under, in or about the Property, or the transportation of any Hazardous Substance to or from the Property, (ii) the violation or alleged violation of any Environmental Law, permit, judgment or license relating to the presence, use, storage, deposit, treatment, recycling or disposal of any Hazardous Substance on, under, in or about the Property, or the transportation of any Hazardous Substance to or from the Property, or (iii) the imposition of any governmental lien for the recovery of environmental clean-up costs expended under any Environmental Law. Mortgagor shall immediately notify Mortgagee in writing of any governmental or regulatory action or third-party claim instituted or threatened in connection with any Hazardous Substance on, in, under or about the Property.

12. ~~**SECURITY INTEREST ON FIXTURES.** To further secure the payment and performance of the Obligation,~~ Mortgagor hereby grants to Mortgagee a security interest in:
   CHOOSE ONE OF THE FOLLOWING OPTIONS; IF NEITHER IS CHOSEN, OPTION A SHALL APPLY:
   - ☐ A.  All fixtures and personal property located on or related to the operations of the Property whether now owned or hereafter acquired.
   - ☐ B.  All property listed on the attached schedule.

This Mortgage shall constitute a security agreement within the meaning of the Uniform Commercial Code with respect to those parts of the Property indicated above. This Mortgage constitutes a fixture filing and financing statement as those terms are used in the Uniform Commercial Code. This Mortgage is to be filed and recorded in the real estate records of the county in which the Property is located, and the following information is included: (1) Mortgagor shall be deemed the "debtor"; (2) Mortgagee shall be deemed to be the "secured party" and shall have all of the rights of a secured party under the Uniform Commercial Code; (3) this Mortgage covers goods which are or are to become fixtures; (4) the name of the record owner of the land is the debtor; (5) the legal name and address of the debtor are _____;

(6) the state of organization and the organizational identification number of the debtor (if applicable) are _____ ; and
(7) the address of the secured party is _____.

13. **SINGULAR; PLURAL.** As used herein, the singular shall include the plural and any gender shall include all genders.

14. **JOINT AND SEVERAL/LIMITATION ON PERSONAL LIABILITY.** The covenants of this Mortgage set forth herein shall be deemed joint and several among Mortgagors, if more than one. Unless a Mortgagor is obligated on the Obligation secured by this Mortgage, Mortgagor shall not be liable for any breach of covenants contained in this Mortgage.

15. **INVALIDITY.** In the event any provision or portion of this instrument is held to be invalid or unenforceable, this shall not impair or preclude the enforcement of the remainder of the instrument.

16. **MARITAL PROPERTY STATEMENT.** Any individual Mortgagor who is married represents that the obligation evidenced by this instrument was incurred in the interest of Mortgagor's marriage or family.

Dated September 26, 2005

☀ LaSalle Bank National Association

LaSalle Bank as Trustee Under Trust No. 134775 Dated September 13, 2005

By: _____ (SEAL)  Trustee's Exoneration under attached hereto
    Trust Officer                and made a part thereof.   _____ (SEAL)

_____ (SEAL)    _____ (SEAL)

                          Trustee
**AUTHENTICATION**          **ACKNOWLEDGMENT**

Signature(s) _____    STATE OF ILLINOIS   )
                                                    ) ss.
authenticated on _____   Cook       COUNTY )

_____               Personally came before me on 9-26-05
                              the above-named Lourdes Martinez Trust Officer
TITLE: MEMBER STATE BAR OF WISCONSIN   of LaSalle Bank National Association, as Trustee
(If not,                                to me known to be the person(s) who executed the foregoing
 authorized by Wis. Stat. § 706.06 )    instrument and acknowledged the same.

THIS INSTRUMENT DRAFTED BY:   * Patricia L. Alvarez
Marjorie M. Young, Esq.        Notary Public, State of Illinois
                               My commission (is permanent) (expires: 10/29/08 )

"OFFICIAL SEAL"
PATRICIA L. ALVAREZ
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 10/29/2008

(Signatures may be authenticated or acknowledged. Both are not necessary.)
NOTE: THIS IS A STANDARD FORM. ANY MODIFICATION TO THIS FORM SHOULD BE CLEARLY IDENTIFIED.
MORTGAGE                    ©2003 STATE BAR OF WISCONSIN                FORM NO. 21-2003
*Type name below signatures.                          INFO-PRO™ Legal Forms • (800)655-2021 • infoproforms.com

State Bar Form 21-Page 4

LaSalle Bank National Association
Land Trust Department
Rider – Trust Deed or Mortgage

## RIDER ATTACHED TO AND MADE A PART OF THE JUNIOR MORTGAGE DATED JUNE 20, 2005 UNDER TRUST NUMBER 134775

This Junior Mortgage or Trust Deed in the nature of a mortgage is executed by LaSalle Bank National Association, not personally, but as Trustee, in the exercise of the power and authority conferred upon and vested in it as such Trustee (and said LaSalle Bank National Association hereby warrants that it possesses full power and authority to execute the instrument) and it is expressly understood and agreed that nothing contained herein or in the Note, or in any other instrument given to evidence the indebtedness secured hereby shall be construed as creating any liability on the part of said mortgagor or grantor, or on said LaSalle Bank National Association, personally to pay said Note or any interest that may accrue thereon, or any indebtedness accruing hereunder, or to perform any covenant, either expressed or implied, herein contained, all such liability, if any, being hereby expressly waived by the mortgagee or Trustee under said Trust Deed, the legal owners or holders of the Note, and by every person now or hereafter claiming any right or security hereunder, and that so far as the mortgagor or grantor and said LaSalle Bank National Association personally are concerned, the legal holders of the Note and the owner or owners of any indebtedness accruing hereunder shall look solely to the premises hereby mortgaged or conveyed for the payment thereof by the enforcement of the lien created in the manner herein and in said Note provided or by action to enforce the personal liability of the guarantor or guarantors, if any. Trustee does not warrant, indemnify, defend title nor is it responsible for any environmental damage. No personal liability shall be asserted or be enforceable against LaSalle Bank National Association by reason of any of the terms, provisions, stipulations, covenants, indemnifications, warranties and/or statements contained in this instrument.

Rev. 3/03

LEGAL DESCRIPTION - EXHIBIT A

Legal Description: LOT 40 IN THE COVES OF SOUTH BARRINGTON UNIT NUMBER 2, BEING A SUBDIVISION IN SECTIONS 26 AND 27, TOWNSHIP 42 NORTH, RANGE 9, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF REGISTERED IN THE OFFICE OF THE REGISTRAR OF TITLES ON OCTOBER 15, 1969 AS DOCUMENT 2476163, IN COOK COUNTY, ILLINOIS.

Permanent Index #'s: 01-27-203-007-0000 Vol. 0001

Property Address: 64 Watergate ~~Road,~~ DRIVE South Barrington, Illinois 60010

Sep-27-2005 11:90 From-COMBS LTD
SEP. 22. 2005 12:00PM ABN-AMRO 1 647 618 0550 T-334 P.002/008 F-530

LaSalle Bank National Association
Land Trust Department

## DIRECTION TO EXECUTE MORTGAGE DOCUMENTS

Date __SEPTEMBER 22, 2005__

Trustee: You are hereby authorized and directed to execute, not personally, but as Trustee under Trust Number __134775__ dated __Sept. 13, 2005__ the following mortgage documents, copies of which are attached hereto. The undersigned certify that all of the said documents to be executed by LaSalle Bank National Association, as Trustee, as aforesaid, have been read, examined and approved by the undersigned, and that all statements contained therein are true and correct. The Trustee is hereby expressly authorized to add to the within described documents any exculpatory language it deems necessary or appropriate in its sole discretion. The undersigned agree(s) to indemnify the Trustee from any loss and save the Trustee harmless from and against any and every liability, cost and expense arising out of the execution by the Trustee of the within described documents.

Description of Documents:

The documents required by lender __U.S. OIL COMPANY__
                                    Name of Lender

For new mortgage loan of $ __1,400,000.00__   Date of Documents_____   Interest Rate_____

Including, but not limited to the following (X):

Installment Note _____                          ALTA Composite Mortgage Statement _____

Mortgage / Trust Deed
Including waiver of right of redemption _____   Assignment of Rents _____

Junior Mortgage _____

Street Address of Premises: __64 Watergate Road, South Barrington, IL 60010__

Legal Description of Premises: (See Attached Rider)

Also issue (X):

1 _____ Proceeds Letter, directing disbursement of net proceeds to:
         _____
         (or to the undersigned if the foregoing is not completed.)

2 _____ Certified Copy of Trust Agreement

3 _____ Certified Copy of this Direction

Deliver all documents to: by fed. ex
Combs, Ltd, 2300 N. Barrington Rd. (400) Hoffman Estates IL 60195

If the beneficial interest is assigned as collateral, the Collateral Assignee MUST authorize this Direction

Name of Lender (Please note successor information if applicable)

By:_____

Its:_____
        Title

The undersigned affirm(s) that all beneficiaries of the above-mentioned trust were living at the date the direction was executed and delivered to LaSalle Bank National Association.

Signature of Beneficiary MOHAMED K. GHUMRA    Signature of Beneficiary

Signature of Beneficiary AFSHA K. GHUMRA      Signature of Beneficiary

Rev. 2/01

Sep-27-2005 11:38 From-COMBS LTD
1 847 519 0550 T-334 P.003/008 F-630
09/07/2005 19:33 847318977 LAW OFFICE
8/7 2005 7:13 AM PAGE 8/008 fax server

**ALTA Commitment**
**Schedule C**

File No.: 1150706

Legal Description:

LOT 40 IN THE COVES OF SOUTH BARRINGTON UNIT NUMBER 2, BEING A SUBDIVISION IN SECTIONS 26 AND 27, TOWNSHIP 42 NORTH, RANGE 9, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF REGISTERED IN THE OFFICE OF THE REGISTRAR OF TITLES ON OCTOBER 15, 1969 AS DOCUMENT 2476163, IN COOK COUNTY, ILLINOIS.

2