**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | In Chapter 11 |
| | ) | Case No. 07 B 19544 |
| **MOHAMED KASEER GHUMRA,** | ) | Judge Susan Pierson Sonderby |
| | ) | |
| Debtor. | ) | Motion Date: September 10, 2008 |
| | ) | Motion Time: 10:00 a.m. |

## NOTICE OF MOTION

TO:   See attached

PLEASE TAKE NOTICE THAT on September 10, 2008, at the hour of 10:00 a.m., a **FINAL FEE PETITION OF COUNSEL FOR THE DEBTOR,** shall be heard by the Honorable Susan Pierson Sonderby of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 642 at 219 South Dearborn Street, Chicago, Illinois. 60604. A copy of same is attached hereto and thereby served upon you. You may appear if you so see fit.

                                                                QUERREY & HARROW, LTD.

## AFFIDAVIT OF SERVICE

I, John M. Brom, an attorney certify that I caused the foregoing Notice of Motion to be served upon the persons named in the attached service list by mailing copies of the same to them and depositing it in the U.S. Mail at 175 West Jackson Boulevard, Chicago, Illinois at 4:00 p.m. August 21, 2008, with proper postage prepaid.

                                                                /s/John M. Brom
                                                                    John M. Brom


QUERREY & HARROW, LTD.
Attorneys for Debtor
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois  60604
312-540-7000

**Service List**

William T. Neary
OFFICE OF THE US TRUSTEE
227 West Monroe Street, Suite 3350
Chicago, Illinois 60606

David E. Cohen, P.C.
55 W. Monroe Suite 600
Chicago, IL 60603

Christopher Parker
Michael Best & Friedrich LLP
180 N Stetson Ave Suite 2000
Chicago, IL 60601

Paul A. Lucey
Michael Best & Friedrich LLP
100 East Wisconsin Ave., Suite 3300
Milwaukee, WI 53202-4108

Peter J Schmidt
Jen Soh
Polsinelli Shalton Flanigan Suelthaus PC
180 N. Stetson
Ste 2545
Chicago, IL 60601

Dr. Mohamed Kaseer Ghumra
64 Watergate Drive
South Barrington, Illinois 60010

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | In Chapter 11 |
| | ) | Case No. 07 B 19544 |
| MOHAMED KASEER GHUMRA, | ) | Judge Susan Pierson Sonderby |
| | ) | |
| Debtor. | ) | Motion Date: September 10, 2008 |
| | | Motion Time: 10:00 a.m. |

**FINAL APPLICATION FOR COMPENSATION**
**OF COUNSEL FOR THE DEBTOR**

The law firm of QUERREY & HARROW, LTD. ("Q&H"), counsel for the Debtor, MOHAMED KASEER GHUMRA ("Debtor"), applies to this court for an order approving the payment of final fees in the amount $72,407.50 plus costs in the amount of $1,227.35 and in support thereof states as follows:

**I. Narrative Summary**

Debtor filed for relief under Chapter 11 of the Bankruptcy Code on October 22, 2007. The retention of Q&H as counsel for the Debtor was approved by the Bankruptcy Court on October 30, 2007.

Debtor paid Q&H a pre-petition retainer in the amount of $4,601.11 plus a cost advancement of $1,039.00. On March 19, 2008, this Court approved Debtor's attorneys' interim fee petition awarding $25,992.50 in fees, $1,207.76 in costs and allowing said attorneys to apply Debtor's retainer and cost advancements totaling $4,640.11.

**II. Case Status**

Debtor is a physician. Prior to the filing of the case, Debtor had invested in gas stations. Debtor had guaranteed the debts owed by the companies that own the investment properties. When

1

the investment properties, failed, Debtor was faced with liability beyond his ability to pay. Debtor filed the above captioned matter to seek protection from his creditors and formulate a plan to repay them in an orderly manner.

Debtors' counsel worked diligently with Debtor and his creditors to formulate a plan and disclosure statement. After lengthy negotiations, discovery and a cram down hearing, a plan and disclosure statement was approved on August 5, 2008.

Details regarding these activities during the pendency of this case will be discussed further below.

### III. Description of the Fee Petition

A.    General Information.  Rule 2016(a) of the Bankruptcy Rules requires a detailed application for fees. The primary objective of this fee application is to reveal sufficient information to enable the court to determine whether the services rendered in representing the Debtor were reasonable, actual and necessary. Q&H has provided accurate and detailed records of the services which were made contemporaneously with the services performed. *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

The statement of services includes a summary, by category, of the work done and time expended in each category. Much care has been taken to properly categorize the activities to the degree possible. Billing judgment was used to exclude hours which were excessive, redundant or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983); *In re Temple Retirement Community, Inc.*, 97 B.R. 333 (Bkrtcy. W.D.Tex. 1989); In re *Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

2

B.  <u>Billing Entries.</u>  Q&H uses computerized time and billing software in the preparation of a fee petition. The software is versatile and lends itself to the particular requirements of a fee petition under the Bankruptcy Code.

This final fee petition contains a narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity. It contains a statement explaining the significance of the activity as well as the purpose, necessity and appropriateness of each such service. Where appropriate, it contains a statement of the effectiveness of the activity, alternatives considered, method for choosing the action taken, a statement of any difficult or unusual problems which arose in the case and the manner in which it was addressed. *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

C.  <u>Hourly Charges.</u>

Q&H charges all clients, including for non-bankruptcy matters, $480.00 per hour for partner attorney time in court; $325.00 per hour for other partner attorney time, $225.00 per hour for associate time, $150.00 per hour for travel time and $85.00 per hour for paralegal time.

**IV. Project Summary**

From February 18, 2008 to August 5, 2008, Debtor has incurred $25,992.50 in at Q&H's customary hourly fee rates and $1,207.76 in expenses.

Attached hereto is a detailed, chronological description by category of the services performed on behalf of Debtor during the relevant time period. The billing rates for each attorney and paraprofessional are identified.

The following is a detailed narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity:

3

*A.     ADMINISTRATION.*

The activities in the general administration category are those activities which are a necessary part of the representation of preparing administrative motions, reviewing monthly operating reports, responding to inquiries from creditors, communicating with the United States Trustee's office regarding issues related to Debtor's case, and providing general advise to Debtor regarding his responsibilities under the Bankruptcy Code. The benefits of these services to the Debtor and its estate were both economic and non-economic. The economic benefits resulted in the Debtor being able to streamline its operations. The remainder of the services were of non-economic benefit to the Debtor and its estate by promoting the bankruptcy process and the smooth administration of the cases.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| R.R. Benjamin | 11.20 | 325.00 | 3,640.00 |
| R.R. Benjamin | 1.80 | 480.00 | 864.00 |
| B.A. Berneman | 1.10 | 325.00 | 357.50 |
| J.M. Brom | 12.60 | 325.00 | 4,095.00 |
| K.C. Sheldon | 3.60 | 85.00 | 306.00 |
|  | 30.30 |  | $9,262.50 |

*B.  CLAIMS*

The activities in the claims category are those activities connected with the creditors regarding their claims. The services benefited the estate on an economic basis addressing claims issues that resulted in the collection of operating funds to the estate. The services benefited the estate on a non-economic basis by facilitating the bankruptcy process.

4

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.

A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| R. R. Benjamin | 13.60 | 325.00 | 4,420.00 |
| B.A. Berneman | .20 | 325.00 | 65.00 |
| J. M. Brom | .40 | 325.00 | 130.00 |
| | 14.20 | | $ 4,615.00 |

**C.  FEE PETITION.**

Q&H has constructed this detailed analysis of the fee petition as an aid to the Court and the creditors in determining the reasonableness of the fees requested. Counsel reviewed the fee entries and conducted a "business judgment" audit to insure that the fees requested were reasonable and necessary to the administration of the estate. In addition, counsel expended time drafting this fee petition.

An itemized breakdown of the services rendered to the Debtor is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| J. M. Brom | 3.60 | 325.00 | $1,170.00 |

**D.  FINANCING**

Q&H continued to aid Debtor in addressing issues involving under-secured creditors. These issues were crucial in framing a feasible plan that did not discriminate against any class of creditors. Ultimately, counsel was able to obtain the cooperation of the undersecured creditor despite objections by other creditors. The fees incurred resulted in an economic benefit to Debtor's estate by preserving the estate.  The non-economic benefits resulted from aiding the administration of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| B.A. Berneman | .10 | 325.00 | $32.50 |

### E.  PLAN

Counsel worked with Debtor to formulate an accepted plan that will provide the maximum possible distribution to creditors. The plan and disclosure statement were amended several times to address the impact of the sale of non-estate property on the Debtor's guarantees, the modifications and objections of the creditors, the Trustee and the Court. Ultimately, the plan was confirmed and disclosure statement approved after a lengthy cram down hearing.  The services resulted in an economic benefit to Debtor's estate by aiding the Debtor in concluding these proceedings in a timely manner for the benefit of its unsecured creditors.  The non-economic benefits resulted from aiding the administration of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| R.R. Benjamin | 40.10 | 325.00 | 13,032.50 |
| R.R. Benjamin | 8.60 | 480.00 | 4,128.00 |
| B.A. Berneman | 26.40 | 325.00 | 8,580.00 |
| B.A. Berneman | .30 | 480.00 | 144.00 |
| W.J. Wise | 6.10 | 325.00 | 1,982.50 |
| J.M. Brom | 79.30 | 325.00 | 25,772.50 |
| J.M. Brom | 6.60 | 480.00 | 3,168.00 |
| | 167.40 | | $ 56,087.50 |

6

F.  *SALE OF ASSETS*

Q&H monitored the sale of non-estate property that directly affected the Debtor's various guarantees of the mortgages and promissory notes securing the loans on said property. Q&H also worked with creditors to negotiate the offset of the sales and future sales to reduce the claims on the guarantees. Ultimately, counsel was able to obtain the cooperation of the unsecured creditors despite objections by other creditors. The fees incurred resulted in an economic benefit to Debtor's estate by preserving the estate and by allowing for a feasible plan. The non-economic benefits resulted from aiding the administration of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|
| R.R. Benjamin | 4.90 | 325.00 | 1,592.50 |
| B.A. Berneman | .30 | 325.00 | 97.50 |
| | 5.20 | | $ 1,690.00 |

H.  *COSTS AND EXPENDITURES*

Q&H seeks reimbursement of $1,227.35 as the expenses it incurred during its representation of the Debtor to date. Expenses were incurred for the following items: Court reporter charges for transcripts of court proceedings and depositions, and copier charges. Debtor agreed to pay for these items pursuant to a written agreement with Debtor's counsel. These expenses were necessary to accomplish the proper representation of the Debtor. An itemization of these costs is included in Exhibit A. All copy charges are billed at $0.10 per copy and are itemized as follows:

| Date | Description | Costs |
|---|---|---|
| 2/21/2008 | Amended Statement of Financial Affairs | $8.25 |
| 2/27/2008 | Notice of Motion and Application for Compensation for Debtor's Attorney | $19.80 |

7

| | | |
|---|---|---|
| 3/20/2008 | February 2008 Monthly Report | $5.50 |
| 4/2/2008 | Combined Plan and Disclosure Statement | $7.10 |
| 4/17/2008 | Amended February 2008 Monthly Report<br>March 2008 Monthly Report | $11.50 |
| 4/25/2008 | Revised Combined Plan and Disclosure Statement | $13.60 |
| 6/3/2008 | Second Revised Combined Plan and Disclosure Statement | $38.20 |
| 6/10/2008 | Third Revised Combined Plan and Disclosure Statement | $16.40 |
| 6/16/2008 | Final Combined Plan and Disclosure Statement | $288.30 |
| 6/17/2008 | May 2008 Monthly Report | $5.50 |
| 7/23/2008 | Modified Chapter 11 Plan | $251.20 |
| 7/23/2008 | June 2008 Monthly Report | $5.50 |
| 7/24/2008 | Ballot Report | $16.10 |
| 7/24/2008 | Modified Plan and Disclosure Statement | $17.00 |
| 7/25/2008 | Amended Ballot Report | $6.50 |
| 7/28/2008 | Exhibits for Plan and Disclosure Statement Hearing | $72.70 |
| 8/5/2008 | Final Order of Confirmation | $15.70 |
| | Total: | $798.85 |

## V. Certification

Q&H certifies that it served a copy of the chronological itemization of services rendered to the Debtor. To date, the Debtor has not objected to the fees incurred.

## VI. The Value of the Services for Which Compensation is Sought and Preservation of the Retainer

Section 330(a) of the Bankruptcy Code provides:

(a)    After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328 and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1003 of this title, or to the debtor's attorney B

8

>   (1)   reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a cases under this title; and
>
>   (2)   reimbursement for actual, necessary expenses.

The Bankruptcy Court has the independent authority and responsibility to determine the reasonableness of all fee requests, whether or not objections are filed. *In re Spanjer Brothers, Inc.,* 203 B.R. 85 (Bkrtcy. N.D.Ill., 1996); *In re Pettibone Corporation*, 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987). The burden of proof is on the applicant to show that the fees incurred were actual and necessary. *In re Spanjer Brothers, Inc.,* 203 B.R. 85, 89 (Bkrtcy. N.D.Ill., 1996); *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Pettibone Corporation,* 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987).

The representation of the Debtor adequately corresponds with the time and labor expended by Q&H. The various issues involved required experienced bankruptcy counsel. Q&H attorneys have over sixty (60) years combined experience in the area of bankruptcy law. Less experienced attorneys would not have handled the matters herein as efficiently and as effectively. Due to the substantial time expended on behalf of the Debtor, Q&H was precluded from accepting cases requiring extensive representation during the initial phase of these cases. Q&H was able to accomplish a great deal directed towards aiding the Debtor in its streamlining efforts and the preparation and acceptance of a plan supported by a detailed disclosure statement. Considering the results obtained by Q&H the amounts involved are fair and reasonable. This Court has reviewed and ruled upon numerous fee applications and is in a position to determine that the rates herein are reasonable.

### VII. Conclusion

WHEREFORE, QUERREY & HARROW, LTD. requests that this court enter an Order:

A.  Determining that the legal services and fees incurred were necessary and reasonable;

B.  Allowing interim compensation in the amount of $25,992.50;

C.  Allowing reimbursement of expenses in the amount of $1,207.76; and

D.  Granting such other and further relief as this court may deem just and proper.

QUERREY & HARROW, LD.

By: /s/John M. Brom
John M. Brom

Robert R. Benjamin (ARDC # 10070429)
Beverly A. Berneman (ARDC # 06189418)
John M. Brom (ARDC # 6206647)
QUERREY & HARROW, LTD.
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois 60606
(312) 540-7000